**Opinion filed August 9, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00156-CR
_____

### JOE R. COOKSEY, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**

**Brown County, Texas**

**Trial Court Cause No. 1000879**

## O P I N I O N

The jury convicted Joe R. Cooksey of knowingly disclosing to a member of the public a certified agenda or tape recording of a meeting that was lawfully closed to the public under the Texas Open Meetings Act (TOMA), TEX. GOV'T CODE ANN. ch. 551 (West 2012). *See* Section 551.146. The trial court assessed punishment at 180 days in the Brown County Jail and a fine of $500. Imposition of the sentence was suspended, and Cooksey was placed on community supervision for a term of one year. We reverse and acquit.

Cooksey filed a petition in district court to remove the Brown County Judge from office. He alleged that the judge had, among other things, held an unlawfully closed meeting of the Brown County Commissioners Court to discuss a pending criminal investigation against the county tax assessor and to discuss recent actions taken by the tax assessor in her county office, such as shredding and removing files. Cooksey attached to his petition a compact disc that contained a copy of the tape recording from the meeting at issue in this case; he also attached a typed transcript of the recording. The district court refused to issue citation, and it dismissed the petition. Later, Cooksey was charged by information with the Class B misdemeanor offense of disclosing a certified agenda or tape recording of a closed meeting under Section 551.146 of the Texas Government Code. *See* Section 551.146(a)(1), (b). The first information was quashed, and the second was dismissed on the State's motion. The State proceeded to trial on the third information

After the State rested its case-in-chief, Cooksey moved for an instructed verdict of not guilty based on the grounds that the State failed to prove that the meeting was lawfully closed and that there was no evidence that Cooksey disclosed the tape recording to a specific member of the public. The trial court denied the motion, and the jury found Cooksey guilty as alleged in the information. Cooksey filed a motion for new trial in which he alleged the same deficiencies. The motion was overruled by operation of law. The trial court certified Cooksey's right to appeal, and Cooksey timely filed his notice of appeal.

The issues in this case are a matter of first impression in Texas. We have not found a case in which an appellate court has construed or applied Section 551.146, nor has either party directed us to such a case. However, because we find that the evidence was insufficient to support a conviction against Cooksey under Section 551.146, we will not reach several of the issues that Cooksey presents.

In this appeal, Cooksey brings four issues for our review. In his first issue, Cooksey asserts that Section 551.146 is unconstitutional on its face because it attempts to regulate free speech by members of the public regarding matters of public concern and that the statute is unconstitutionally vague as applied because it does not give fair notice of the conduct that it prohibits. Cooksey argues in his second issue that the evidence was legally insufficient to support his conviction. He also contends, in his third issue, that the trial court abused its discretion when it denied his motion to suppress. Specifically, he asserts that the special

prosecutor obtained the original tape recording of the closed meeting without lawful authority and in violation of Section 551.104. In his final issue, Cooksey claims that the Brown County Court at Law did not have jurisdiction to hear his case and asserts that the Texas Legislature gave sole jurisdiction to district courts for violations involving TOMA.

We will first address whether the Brown County Court at Law had jurisdiction in this case. Section 551.146 provides that an individual commits a Class B misdemeanor if the individual "without lawful authority knowingly discloses to a member of the public the certified agenda or tape recording of a meeting that was lawfully closed to the public." Section 551.146(a)(1), (b). The Texas Penal Code provides that an individual convicted of a Class B misdemeanor shall be punished by a fine not to exceed $2,000, confinement in jail for a term of not more than 180 days, or both a fine and confinement. TEX. PENAL CODE ANN. § 12.22 (West 2011). The Texas Code of Criminal Procedure provides that "county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2005). Justice courts do not have jurisdiction over criminal violations that impose confinement, such as Class B misdemeanors. *See* TEX. CODE CRIM. PROC. ANN. art. 4.11 (West Supp. 2012). The $2,000 maximum fine that the trial court could impose exceeds $500 and, thus, a county court has jurisdiction over this misdemeanor offense. The Brown County Court at Law is the sole statutory county court in Brown County and "has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." TEX. GOV'T CODE ANN. § 25.0003(a) (West Supp. 2012); *see also* TEX. GOV'T CODE ANN. § 25.0271 (West 2004), § 25.0272(a) (West Supp. 2012). Thus, the Brown County Court at Law has jurisdiction over Class B misdemeanors, including violations of Section 551.146.

Cooksey argues, however, that the legislature gave sole jurisdiction over violations of TOMA to district courts. While it is true that district courts have jurisdiction over misdemeanors involving official misconduct, this case is not one of official misconduct. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005). Therefore, we hold that the Brown County Court at Law had jurisdiction in this case. We overrule Cooksey's fourth issue.

Because it is not absolutely necessary to a resolution of this appeal, we need not decide whether Section 551.146 is constitutional. *See Ex parte Salfen*, 618 S.W.2d 766, 770 (Tex.

3

Crim. App. 1981) ("[T]he constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised."). We will instead next consider Cooksey's insufficiency issues.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, No. 11-10-00154-CR, 2012 WL 2550472, at *5 (Tex. App.—Eastland June 28, 2012, no pet. h.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320). If we find that the evidence is insufficient under this standard, we must reverse the judgment and enter an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 40–41 (1982).

Section 551.146(a)(1) of the Texas Government Code provides that an individual commits an offense under TOMA if, without lawful authority, he "knowingly discloses to a member of the public the certified agenda or tape recording of a meeting that was lawfully closed to the public." Thus, in order to prove a violation under Section 551.146, the State had to prove beyond a reasonable doubt that: (1) there was a lawfully closed meeting; (2) Cooksey knowingly disclosed the agenda or tape recording of the lawfully closed meeting to a member of the public; and (3) the disclosure was made without lawful authority. Cooksey argues that the State failed to prove that the commissioners court gave proper notice for an emergency meeting or proper notice for a meeting closed to the public and, thus, that the meeting was not lawfully closed. He also asserts that the State failed to prove that he disclosed anything to a specific member of the public because the State did not show that any member of the public actually read the transcript or listened to the copy of the tape recording attached to his petition.

4

TOMA requires that governmental bodies hold meetings that are open to the public—unless one of the enumerated exceptions to the open meetings requirement authorizes a discussion in a closed session. *See* Sections 551.002, 551.071–.089. A county commissioners court is a governmental body subject to TOMA. *Id.* § 551.001(3)(B). Regardless of whether the meeting is open or closed to the public, the governmental body is required to give the public seventy-two hours' notice of the meeting. *See id.* §§ 551.041, 551.043(a). If there is an emergency or urgent public necessity, the governmental body may hold the meeting with two hours' notice to the public. *Id.* § 551.045(a). The governmental body must clearly identify the emergency or urgent public necessity in the notice. *Id.* § 551.045(c). "An emergency or urgent public necessity exists only if immediate action is required of a governmental body because of: (1) an imminent threat to public health and safety; or (2) a reasonably unforeseeable situation." *Id.* § 551.045(b).

The evidence showed that the county judge posted notice to the public on a Thursday for a regular and open meeting scheduled in the commissioners court for the following Monday. After the court posted the initial notice, it was brought to the county judge's attention that the county tax assessor had been indicted and had returned to her office to remove files, shred papers, and change the password on the county computers. The county judge wanted to meet with the commissioners in an emergency closed session to discuss what action the commissioners court or the county attorney could take to resolve the situation in the tax assessor's office. The testimony shows that he believed there was an immediate threat to the ability of the tax assessor's office to conduct business and that there was potentially a threat to the public's safety. On Friday afternoon, he posted a subsequent notice "that a[n] emergency meeting of the BROWN COUNY COMMISSIONERS COURT [would] convene on [Monday] at 9:30 A.M. in the Commissioners Courtroom, Brownwood, Texas." The notice further provided that the court would "convene into executive session pursuant to the provision of the open meetings law, Chapter 551, Government Code, V.T.C.A. in accordance with the requirements and authority set out in Section 551.071 and Section 551.074 to discuss personnel matters and pending litigation."

The State was required to prove that the meeting was a lawful one. Thus, the State had to prove that the commissioners court gave proper notice to the public under the seventy-two hour notice requirement or under the two hour emergency exception. The evidence showed that the

5

commissioners posted the notice on Friday at 1:13 p.m. and held the closed meeting on Monday at 9:30 a.m.  Thus, the evidence showed that they gave a little over sixty-eight hours' notice, but failed to give the required seventy-two.  Although the initial notice gave seventy-two hours' notice of the originally scheduled open meeting, it did not contain an item on the agenda regarding the tax assessor or in any way give notice that the commissioners were going to discuss pending litigation or personnel matters.  Therefore, the State failed to prove that the commissioners court gave seventy-two hours' notice of the closed meeting.

We next turn to whether the State proved that the commissioners court gave proper notice under the two hour emergency exception.  In order to meet this burden, the State was required to prove that the commissioners clearly identified the emergency in the posted notice.  The evidence presented by the State in this case shows that the emergency notice stated that there was an emergency, but it provided no explanation of what that emergency or urgent public necessity might be.  The notice also stated that the commissioners would convene in executive session to discuss personnel matters and pending litigation.  Discussing personnel matters and conferring with counsel about pending litigation are two of the exceptions to the general requirement that meetings be open; however, citing to the exceptions, without more, does not clearly identify an emergency.  *See Piazza v. City of Granger*, 909 S.W.2d 529, 533 (Tex. App.—Austin 1995, no writ) (holding that the city did not clearly identify the emergency when its reason for the emergency was "lack of confidence" in a police officer and when the notice did not give any further explanation as to why "lack of confidence" in an officer would give rise to an emergency).  We hold that this record contains no evidence probative of the "lawfully closed meeting" element of the offense and that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638.  Therefore, in this case, the evidence was insufficient to support a conviction under Section 551.146.  *See Jackson*, 443 U.S. at 314.  We do not hold that the meeting was, as a matter of law, an unlawful meeting, but hold only that the State failed to meet its burden to prove that it was a lawful meeting as alleged in Cooksey's second issue.  That issue is sustained insofar as the lawful meeting element of the offense is concerned.

In view of our holding, we need not address the remainder of Cooksey's second issue, nor do we need to address the first and third issues.  *See* TEX. R. APP. P. 47.1.

6

We reverse the judgment of the trial court and render a judgment of acquittal.


JIM R. WRIGHT

CHIEF JUSTICE


August 9, 2012

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.


7