**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00012-CR
_____

## CHRISTOPHER PAUL MOREHOUSE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Taylor County, Texas**

**Trial Court Cause No. 2-368-11**

### M E M O R A N D U M   O P I N I O N

A jury convicted Christopher Paul Morehouse of the misdemeanor offense of intentionally and knowingly possessing knuckles, a prohibited weapon. *See* TEX. PENAL CODE ANN. § 46.05(a)(6) (West Supp. 2012). The trial court assessed punishment at confinement in the Taylor County Jail for a term of 250 days and a fine of $900. Imposition of the sentence was suspended, and Morehouse was placed on community supervision for a period of twenty-four months. We affirm.

In his sole point of error on appeal, Morehouse argues that the evidence was legally insufficient to support the verdict of the jury. We review the sufficiency of the evidence under

the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Section 46.05(a)(6) provides that a person commits an offense if he intentionally or knowingly possesses knuckles. "Knuckles" are defined in Section 46.01(8) as "any instrument that consists of finger rings or guards made of a hard substance and that is designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with a fist enclosed in the knuckles." TEX. PENAL CODE ANN. § 46.01(8) (West Supp. 2012). Morehouse argues that the State offered no evidence that the instrument seized from his person was designed, made, or adapted for the purpose of inflicting serious bodily injury or death and that the evidence offered by the State only showed that the instrument was "capable" of causing serious bodily injury.

While Officer Matthew Allen of the Abilene Police Department was investigating an assault at a 7-Eleven in Taylor County, he came in contact with Morehouse. Morehouse was not involved in the alleged assault, but was present at the 7-Eleven when Officer Allen arrived to investigate. There was an outstanding warrant for Morehouse's arrest. Officer Allen called for backup, and Officer Brian Poynor responded. Officer Allen asked Officer Poynor to arrest Morehouse while he continued the assault investigation. Officer Poynor placed Morehouse under arrest and conducted a search incident to the arrest. He found a pouch on Morehouse's belt that contained what are known as "blast knuckles."

Officer Allen testified that "blast knuckles" are similar to brass knuckles but are made of polymer, a hard plastic material, and contain an electrical circuit similar to a Taser. Blast knuckles are weapons and are generally designed for defense. He also testified that, "under the statute in Chapter 46 of our Penal Code, [the blast knuckles] did meet the elements for knuckles." In his opinion, the blast knuckles are capable of causing serious bodily injury because they are made of a hard plastic and because, when one person hits another person with them, soft tissue and organ damage can easily occur. Although the State asked Officer Allen on

redirect whether the knuckles were designed to cause serious bodily injury, defense counsel objected and argued that Officer Allen had not been qualified as an expert on the design of the weapon. The trial court sustained the objection. The State next called Officer Poynor. Officer Poynor testified that blast knuckles fit over your fingers much the same as finger guards. If a person used enough force when striking someone with blast knuckles, it could cause serious bodily injury.

Morehouse moved for a directed verdict of not guilty on the ground that the State offered no evidence that the instrument was designed, made, or adapted to inflict serious bodily injury. The trial court denied the motion, and Morehouse called Charles Taylor to testify in his defense.

Taylor testified that he owned an army surplus store and had sold blast knuckles at his store for at least ten years. He testified that he was familiar with the operation of blast knuckles and that he did not believe that he was selling a device that was illegal to possess. Taylor further testified that he studied material pertaining to blast knuckles to ensure that he was selling an item that was "on the up-and-up." He explained that blast knuckles are made to stun an assailant so that a person has enough time to get away from the assailant and get help. When asked whether the blast knuckles caused serious bodily injury when used the way they were designed to be used, he responded that they did not. Taylor further testified that blast knuckles were designed to be defensive, self-protection devices, not to be offensive, striking weapons. The blast knuckles that were found on Morehouse had not been adapted or modified from the original design.

During cross-examination, Taylor testified that the blast knuckles could be used to strike someone and that there was not anything in the design of the knuckles that prevented them from being used in that way. Using the knuckles to strike someone would cause serious bodily injury; using the knuckles to shock someone would not.

Although Taylor testified that he did not believe blast knuckles were illegal to possess and that they were not designed to inflict serious bodily injury, Officer Allen testified that "under the statute in Chapter 46 of our Penal Code, [the blast knuckles] did meet the elements for knuckles." The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). In addition, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443

3

U.S. at 319. Here, the blast knuckles were introduced into evidence. After observing the knuckles, the jury could have inferred that the blast knuckles were designed, made, or adapted for the purpose of inflicting serious bodily injury or death.

We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found the elements of possession of knuckles as a prohibited weapon beyond a reasonable doubt. We overrule Morehouse's sole point of error.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4