Opinion filed November 15,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00303-CR

                                                    __________

 

                       JAVIER
HERRERA NAVARRETE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR37415

 



 

M E M O R A N D U M   O P I N I O N

            Javier
Herrera Navarrete appeals his convictions by a jury of two counts of the
offense of indecency with a child.  The jury assessed his punishment in both
counts at five years in the Texas Department of Criminal Justice, Institutional
Division, and recommended that the sentences be suspended.  Accordingly, the
trial court suspended the imposition of Navarette’s sentences and placed him on
community supervision in both counts for a period of ten years, to include
participation in the sex offender program.  He contends in three points on
appeal that the evidence is insufficient to support his convictions, that his
convictions solely upon lack of evidence result in a denial of due process of
law, and that there were several improper jury arguments.  We affirm.

Navarrete
contends in Point One that the evidence is insufficient to support his
convictions.  We review the sufficiency of the evidence under the standard of
review set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State,
337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d).  Under this
standard, we examine all of the evidence in the light most favorable to the
verdict and determine whether, based on that evidence and any reasonable
inferences from it, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S.
at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  

L.N.,
Navarette’s daughter, testified that she and K.P., the complaining witness,
spent a lot of time together in junior high and that K.P. would spend a lot of
time at her house.  She indicated that, at one point, K.P. spent the night at
her house almost every weekend. 

K.P.
testified that, on the occasion in question, Navarette kneeled next to the bed
in which she and L.N. were sleeping and touched and squeezed her breast and her
vagina through her clothing.  She said he smelled of beer, cigarette smoke, and
oil.  Other witnesses testified concerning the investigation or their reactions
to the occurrence.  We hold that the evidence is sufficient to support the
conviction.

Navarette
suggests that the evidence is insufficient to support the conviction because
there was no scientific evidence and because the complaining witness denied
ever having said that, after she felt someone touch her, she woke up and saw a
clown; denied saying that, when Navarette came back into the bedroom, he
started snoring and tried to reach over; and denied telling her mother that
Navarette began licking her ear and face while touching her breast, body, and
genitals through her clothing.  While the complaining witness did deny at trial
having previously made these statements, a DVD of an interview the witness had
earlier with Kim Olivas, who had been a forensic interviewer with the Midland
Rape and Children’s Advocacy Center, appears to show that she had previously
made some or all of these statements.

The jury
is the sole judge
of the credibility
of the witnesses and the weight
to be given to
their testimony, and the reviewing court must not usurp this role by
substituting its own judgment for that of the jury.  Montgomery v. State, 369
S.W.3d 188, 192 (Tex. Crim. App. 2012).  The duty of the reviewing court is
simply to ensure that the evidence presented supports the jury’s verdict and that the State has
presented a legally sufficient case of the offense charged.  Id.  When
the reviewing court is faced with a record supporting contradicting inferences,
the court must presume that the jury resolved any such conflicts in favor
of the verdict, even if not explicitly stated in the record.  Id.  Navarette
presents no authority in support of his contention that the evidence in such a
case is insufficient where there is no scientific evidence and where there is a
showing that the complaining witness has been inconsistent concerning her
account of some of the details of the incident in question, and we are not
aware of any.  We overrule Point One.  

Navarrete
contends in Point Two that he was denied due process of law solely because his
convictions were based upon lack of evidence.  Because we have found that the
evidence is sufficient to support the convictions, we conclude that Navarrete
was not denied due process of law.  Navarette suggests that no rational trier
of fact could have convicted him upon the “proven, untruthful testimony” from K.P.,
relying on the opinion of Alvarado v. State, 912 S.W.2d 199, 206–07
(Tex. Crim. App. 1995).  He fails to explain how Alvarado supports his
contention.  We have read the court’s opinion in Alvarado and fail to
see any support for Navarette’s contention contained therein.  We overrule Point
Two.

Navarette
urges in Point Three that there were several instances of improper argument on
the part of the State’s attorney.  Navarrete refers specifically to the following:
“The reason why that’s bad is because he did it”; “[T]hink about what he
testified to” (while reference was made to Navarette having testified, it was
apparent from the full context of the argument, and the fact that Navarette had
not testified, that the reference to his testimony referred to a statement
Navarette had given to an investigating officer); and at the punishment stage,
“What she has had to endure for the last year is damage that’s going to take a
lifetime to get over.”  We have examined each argument to which Navarette
refers and find that no objection was made to any of the arguments to which he
now objects.  Nothing is presented for review.  Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).  We overrule Point Three.

The
judgments are affirmed.  

 

                                                                                                PER
CURIAM

November 15,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1] 
e coHH

 









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.