**Opinion filed November 15, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00303-CR
_____

## JAVIER HERRERA NAVARRETE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR37415**

### M E M O R A N D U M   O P I N I O N

Javier Herrera Navarrete appeals his convictions by a jury of two counts of the offense of indecency with a child. The jury assessed his punishment in both counts at five years in the Texas Department of Criminal Justice, Institutional Division, and recommended that the sentences be suspended. Accordingly, the trial court suspended the imposition of Navarette's sentences and placed him on community supervision in both counts for a period of ten years, to include participation in the sex offender program. He contends in three points on appeal that the evidence is insufficient to support his convictions, that his convictions solely upon lack of evidence result in a denial of due process of law, and that there were several improper jury arguments. We affirm.

Navarrete contends in Point One that the evidence is insufficient to support his convictions. We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under this standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

L.N., Navarette's daughter, testified that she and K.P., the complaining witness, spent a lot of time together in junior high and that K.P. would spend a lot of time at her house. She indicated that, at one point, K.P. spent the night at her house almost every weekend.

K.P. testified that, on the occasion in question, Navarette kneeled next to the bed in which she and L.N. were sleeping and touched and squeezed her breast and her vagina through her clothing. She said he smelled of beer, cigarette smoke, and oil. Other witnesses testified concerning the investigation or their reactions to the occurrence. We hold that the evidence is sufficient to support the conviction.

Navarette suggests that the evidence is insufficient to support the conviction because there was no scientific evidence and because the complaining witness denied ever having said that, after she felt someone touch her, she woke up and saw a clown; denied saying that, when Navarette came back into the bedroom, he started snoring and tried to reach over; and denied telling her mother that Navarette began licking her ear and face while touching her breast, body, and genitals through her clothing. While the complaining witness did deny at trial having previously made these statements, a DVD of an interview the witness had earlier with Kim Olivas, who had been a forensic interviewer with the Midland Rape and Children's Advocacy Center, appears to show that she had previously made some or all of these statements.

The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When the reviewing court is faced with a record supporting contradicting inferences, the court must presume that the jury resolved any such conflicts in favor of the verdict, even if not

2

explicitly stated in the record. *Id.* Navarette presents no authority in support of his contention that the evidence in such a case is insufficient where there is no scientific evidence and where there is a showing that the complaining witness has been inconsistent concerning her account of some of the details of the incident in question, and we are not aware of any. We overrule Point One.

Navarrete contends in Point Two that he was denied due process of law solely because his convictions were based upon lack of evidence. Because we have found that the evidence is sufficient to support the convictions, we conclude that Navarrete was not denied due process of law. Navarette suggests that no rational trier of fact could have convicted him upon the "proven, untruthful testimony" from K.P., relying on the opinion of *Alvarado v. State*, 912 S.W.2d 199, 206–07 (Tex. Crim. App. 1995). He fails to explain how *Alvarado* supports his contention. We have read the court's opinion in *Alvarado* and fail to see any support for Navarette's contention contained therein. We overrule Point Two.

Navarette urges in Point Three that there were several instances of improper argument on the part of the State's attorney. Navarrete refers specifically to the following: "The reason why that's bad is because he did it"; "[T]hink about what he testified to" (while reference was made to Navarette having testified, it was apparent from the full context of the argument, and the fact that Navarette had not testified, that the reference to his testimony referred to a statement Navarette had given to an investigating officer); and at the punishment stage, "What she has had to endure for the last year is damage that's going to take a lifetime to get over." We have examined each argument to which Navarette refers and find that no objection was made to any of the arguments to which he now objects. Nothing is presented for review. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule Point Three.

The judgments are affirmed.

PER CURIAM

November 15, 2012

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1] John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.