**Opinion filed December 21, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00012-CR

_____

## JAMES MATTHEW HORTON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 18th District Court**

**Johnson County, Texas**

**Trial Court Cause No. F44746**

## M E M O R A N D U M   O P I N I O N

The jury convicted James Matthew Horton, appellant, of the third-degree felony offense of violating a protective order by committing an assault. *See* TEX. PENAL CODE ANN. § 25.07(a), (g) (West Supp. 2012). The jury assessed appellant's punishment at confinement for a term of eight years. We affirm.

In his sole issue on appeal, appellant challenges the sufficiency of the evidence with respect to the assault element of the offense. Appellant argues that the evidence was insufficient to support the jury's rejection of his claim of self-defense. We review a challenge to the

sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When the sufficiency claim involves self-defense, we must also determine whether any rational trier of fact could have found against appellant on the self-defense issue beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Once a defendant produces evidence raising the issue of self-defense, the State has the burden of persuasion (not production) to refute the self-defense claim, which requires only that the State prove its case beyond a reasonable doubt. *Id.* at 913; *see* TEX. PENAL CODE ANN. § 2.03 (West 2011).

The record shows that appellant's wife, Erica Vee Horton, obtained a family violence protective order effective May 19, 2010. The parties did not abide by the terms of the protective order. On the afternoon of July 8, 2010, when Erica got home, appellant was lying on the couch in her residence. Appellant immediately began cursing Erica and calling her "f'ing stupid." As Erica tried to walk away, appellant got up off the couch, grabbed Erica by the neck, and threw her to the floor—where she hit her knees. Appellant then grabbed Erica by the hair, slammed her forehead into the floor, picked up a rock that was used as a doorstop, and hit her in the back of the head with the rock. Erica left the residence and called 911.

Two deputies responded to the call. Both deputies testified at trial and confirmed that Erica had abrasions on her knees, redness on the side of her neck, a fresh goose-egg type lump on her forehead, and a rather large knot on the back of her head that was sensitive to touch and seemed to be growing. Erica was upset and crying. Photographs of Erica's injuries were taken by one of the deputies and were introduced into evidence at trial.

Appellant admitted that he violated the protective order by being with Erica, but he testified that he acted in self-defense with respect to the incident at issue. According to appellant, he and Erica got into a heated argument after (1) she told him she had sold her wedding ring and (2) he received a text message from a female with whom he was "kind of flirty." Both appellant and Erica were screaming and hollering, and appellant decided that he

2

had had enough and was leaving. Appellant called his father and Erica's mother, who were married to each other, to ask if he could stay with them for a few days. As appellant was telling Erica's mother that Erica was going crazy and that appellant wanted a divorce, Erica picked up a rock that was used as a doorstop and hit appellant twice with the rock: once in the mouth and once just above the eye. Appellant testified that, as Erica was hitting him with the rock, he pushed her away and "she smacked herself in the head." When she tried to hit appellant a third time, he grabbed her wrist and the back of her neck and "took her to the floor to her knees." Appellant took the rock away from Erica and let her go. She jumped up and ran out of the house.

Section 9.31 of the Penal Code provides in relevant part that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31 (West 2011). From the evidence presented at trial, a rational jury could have found that appellant's use of force was not justified; the jury could have believed Erica's version of the incident and disbelieved appellant's version. After reviewing all of the evidence, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against appellant on the self-defense issue beyond a reasonable doubt. Appellant's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


December 21, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3