Opinion filed July 11, 2013



In The

# Eleventh Court of Appeals

_____

No. 11-11-00228-CR

_____

## JASON WAYNE CASTLEMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14395**

## M E M O R A N D U M   O P I N I O N

The jury found Jason Wayne Castleman guilty of the offenses of aggravated robbery and aggravated kidnapping. Castleman elected to have the trial court assess his punishment. After it found that two enhancement paragraphs were true, the trial court assessed Castleman's punishment at confinement for sixty years on each count and sentenced him accordingly. We affirm.

The evidence in this case shows that, on the night that these offenses were committed, Kayla Small was at work at the Brazos Cinema III Theater in Mineral Wells. Each night at closing time, it was a part of Small's job to count the amount of the receipts for the day, place $2,000 cash in the office safe to be used for conducting business the next day, and make out a deposit slip for the rest of the receipts. After she had done all of that, it was also a part of her job to lock the theater and the mall doors and to take the money and deposit it in the bank's night depository. On the night that she was robbed and kidnapped, Small performed all the usual tasks and walked to her car. As she was putting things in her car, she heard someone behind her. When she turned, she saw a man with a gun in his hand, and he was pointing it at her. The man was wearing a dark bandana over his face. However, at one point it slipped down, and Small saw that the man with the gun in her face was Castleman. She recognized Castleman because he had dated a former employee of the theater and had been to the theater to visit his girlfriend on past occasions. Small was not only familiar with his face, she recognized his voice.

Castleman forced Small to go back into the theater. When they were in the office, Castleman told Small to open the safe. He handed her an orange backpack, and Small put all of the money in it. Castleman found a Looney Tunes tie in the office, and he used it to tie Small's hands behind her back. As he was leaving, Castleman told Small that, if she called the cops or left sooner than ten minutes, he would either shoot her or have someone else shoot her. Castleman left, and when he did, he took the money and the receiver from the office phone with him. Small testified that she was afraid of imminent bodily injury or death.

Small had lied to Castleman and told him that her cell phone was in her car; it was actually in her pocket. She used her cell phone to call 9-1-1.

Erica Bartholomew Smiddy was the 9-1-1 operator who took Small's call that evening. Smiddy dispatched law enforcement personnel to the theater and then called Small back in order to get more information. Small told her that "Jason Castleman" was the man who robbed her. Smiddy also knew Castleman—his girlfriend, Patricia Shaw, was Smiddy's babysitter. Smiddy also worked as a dispatcher in Fort Worth. Shaw and Castleman had spent the night at Smiddy's house on occasion in order to accommodate Smiddy's schedule.

The officers located Castleman at Smiddy's house and arrested him. Smiddy noticed that the case in which she kept her firearm had been moved. She normally kept it in her closet in a case. The gun case was turned a different direction from that in which Smiddy normally kept it. Small testified that Smiddy's pistol looked like the one used to rob her. Law enforcement personnel conducted a consent search of Castleman's vehicle and located the backpack that Castleman used in the robbery; it belonged to one of Smiddy's sons. They also found the movie theater money bag, currency, and a deposit slip.

Although Castleman did not testify, he did call Shaw as a witness. She testified that, on the night that the offenses were committed, Castleman went out for cigarettes and was gone some thirty minutes or so. Shaw told the jury that she could not say for sure that Castleman did not commit the crimes. She had no explanation for why the items connected with the robbery were in his vehicle. Castleman's mother also testified and said that she had told Castleman to consent to the search of the vehicle because she thought that her son had nothing to hide.

In his only point of error, Castleman argues that the evidence is insufficient to support either of the verdicts. Specifically, he complains that the evidence is insufficient to allow the jury "to determine beyond a reasonable doubt the identity of [Castleman] as the person who committed the offenses." We disagree.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Jackson*, 443 U.S. at 314, 318 n.11. If we find that the evidence is insufficient under this standard, we must reverse the judgment and enter an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 40–41 (1982).

The evidence that we have outlined is highlighted by the testimony of the victim that she not only recognized Castleman by sight, but also recognized his voice because she knew him. Add to that testimony the evidence that the money bag from the theater, as well as the currency and deposit slip that it contained, was found in Castleman's vehicle. The backpack used in the robbery was also found in his vehicle. Further, Castleman had access to Smiddy's firearm. It had been moved, and Small testified that it looked like the one used to rob her and to kidnap her. When police first saw Small, she still had the Looney Tunes tie on one arm.

We have examined all of the evidence in the light most favorable to the verdict, and we determine that, based on the evidence and the reasonable inferences from it, a rational trier of fact could have found the essential elements of

4

the offenses beyond a reasonable doubt.  Castleman's sole point of error is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 11, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.