**Opinion filed August 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00273-CR

_____

## KENNETH LASHON GREEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38038**

## M E M O R A N D U M   O P I N I O N

The jury convicted Kenneth Lashon Green, Appellant, of two counts of sexual assault and assessed his punishment for each count at confinement for four years and a fine of $1,000. The trial court sentenced Appellant accordingly and ordered that the sentence in Count II shall run consecutively to the sentence in Count I. We affirm.

Appellant presents four issues on appeal. In the first issue, he complains that the prosecutor engaged in improper jury argument. In his second issue, Appellant contends that the prosecutor, during his closing argument to the jury, improperly struck at Appellant over the shoulders of defense counsel. In the third issue, Appellant asserts that the prosecutor improperly bolstered the victim's testimony. In his final issue, Appellant challenges the denial of his motion for directed verdict.

The complaints made by Appellant in his first and second issues have not been preserved for review. In both of those issues, he complains of errors in the prosecutor's jury argument. Our review of the record reveals, however, that Appellant objected to only one of the several statements about which Appellant complains on appeal. The trial court sustained that objection, and Appellant requested no further relief. To preserve a complaint for appellate review, the complaint must first be made in the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In *Cockrell*, the court specifically concluded, "[W]e hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." 933 S.W.2d at 89. Appellant failed to preserve the complaints urged in his first and second issues. Therefore, we overrule Appellant's first and second issues on appeal.

In his third issue, Appellant contends that the prosecutor improperly bolstered the victim's testimony by asking her whether she had been telling the truth. The record shows that the prosecutor asked the victim twice whether she had told the truth. The record also shows that Appellant did not object either time. Because Appellant did not object or otherwise bring his complaint to the attention of the trial court, he failed to preserve his bolstering complaint for appellate review. TEX. R. APP. P. 33.1(a). Appellant's third issue is overruled.

In his final issue, Appellant contends that the trial court erred in overruling Appellant's motion for a directed verdict. Appellant's challenge to the trial court's failure to direct a verdict in his favor is a challenge to the sufficiency of the evidence. *See Cook v. State*, 858 S.W.2d 467 (Tex. Crim. App. 1993). In his issue, Appellant argues that the evidence is insufficient to show that he possessed the necessary *mens rea* to commit the sexual assaults.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury as the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319, 326); *see* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979) (jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony).

Appellant was convicted of sexually assaulting the victim by intentionally or knowingly causing the penetration of her female sexual organ by his sexual organ (Count I) and by intentionally or knowingly causing the penetration of her mouth with his sexual organ (Count II). In both counts, it was also alleged that Appellant compelled the victim to submit to or participate in the sexual assaults by the use of threats or violence.

The record shows that the victim of the sexual assaults was Appellant's girlfriend and that, at the time of the offenses, Appellant, the victim, and their baby lived together in an apartment in Midland. The victim testified that, on the afternoon of the offense, Appellant asked her more than once, "Who was in my house?" After the victim assured Appellant that nobody had been there, Appellant grabbed the victim by her hair and "made [her] perform oral sex on him." The victim told Appellant that she did not want to do that, and Appellant punched her. The victim said that Appellant yanked her hair and pulled her down toward him. Appellant hit the victim on her head, ribs, and face. She blocked some of his punches with her arms. The victim hit and bit Appellant in an attempt to get away from him. However, Appellant was bigger and stronger than the victim. The victim testified that, after Appellant struck her numerous times and threatened to continue hitting her, he penetrated her mouth with his penis and then penetrated her vagina with his penis. Not long after the assault was over, Appellant said he was "sorry" but got mad at the victim for slamming the refrigerator door, which she had opened to get out an ice pack to put on a knot on her head. The victim—scared that Appellant would hurt her again—threw the ice pack on the floor and ran out the door. She went to the apartment complex's office, and police were summoned. The police took photographs of the victim's injuries, and those photographs were introduced as exhibits at trial. The victim testified that she still loved Appellant and that she did not want to testify against him.

A detective who responded to the scene testified that the victim had been crying and "was real shook up" and that she had visible injuries that appeared to be "fresh." The police transported the victim to the hospital so that a SANE exam could be conducted.

A sexual assault nurse examiner, Cori Armstead, testified that she examined the victim at the request of the Midland police. Armstead testified that the victim

4

was "very shaken" and had dried mascara under her eyes. Armstead observed that the victim's eyes were red and swollen and that she had multiple fresh bruises that were visible on her face and body. The top of the victim's head, the left side of her forehead, and her ribs were tender. The victim had fresh scratches inside her ear and an obvious abrasion to the bottom of her vaginal opening. Armstead testified that her physical findings were consistent with the medical history as told by the victim. DNA taken from a vaginal swab of the victim matched Appellant's DNA.

Appellant called one witness, his father, to testify on his behalf. Appellant's father testified that, the day before the victim reported the sexual assaults to the police, he had overheard Appellant tell the victim that he was going to leave her. According to Appellant's father, the victim replied, "If you leave me, I'll kill you."

After reviewing the record and examining all of the evidence in the light most favorable to the verdicts, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant possessed the requisite *mens rea*. The evidence is sufficient to show beyond a reasonable doubt that Appellant committed the sexual assaults of the victim as charged in Counts I and II. Appellant's fourth issue is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE

August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

5