**Opinion filed August 7, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00234-CR
_____

## SCOTT ALLAN GOSS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 11-4156**

## M E M O R A N D U M   O P I N I O N

The jury convicted Scott Allan Goss of possession of methamphetamine in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). The trial court assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of

eighteen months and sentenced him accordingly. On appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

To support Appellant's conviction for possession of methamphetamine, the State was required to prove that Appellant exercised control, management, and care over the substance and that Appellant knew that the substance was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Evidence that affirmatively links an accused to the substance suffices to prove that the accused possessed the controlled substance knowingly. *Id.* We consider several nonexclusive factors when determining whether there are affirmative links between the accused and the controlled substance: (1) the accused's presence when the search was executed; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of a controlled substance when he was arrested; (5) whether the accused possessed other contraband when he was arrested; (6) whether the accused made incriminating statements; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused owned or had the right to possess the place

2

where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

The record shows that Officer William Cole Wilkins of the Seminole Police Department stopped Appellant for driving with a defective brake light and for driving with a defective light on his license plate. Officer Wilkins asked Appellant to step to the back of his pickup. There was no one else in the pickup. Appellant refused to give consent to search; however, Hank, a police canine, alerted to the driver's door of Appellant's pickup. Officer Wilkins and Officer Cory Furlow then searched the pickup and found two red straws in the center console that had a white powdery substance in them that was consistent with methamphetamine, a clear plastic bag above the driver's side sun visor that contained a green leafy substance that was consistent with marihuana, another clear plastic bag within the first plastic bag that contained a white powdery substance that was consistent with methamphetamine, a methamphetamine pipe between the driver's seat and center seat, and a partially burned marihuana cigarette in the ashtray. When asked what was in one of the straws, Appellant answered, "If it's anything, more than likely it's methamphetamine." Officer Wilkins arrested Appellant, and Lieutenant Ronny Pipkin transported him to the Gaines County Law Enforcement Center.

The clear plastic bag that contained a white powdery substance was sent to the Department of Public Safety lab in Midland for testing. The test showed that the bag contained methamphetamine and weighed 0.25 grams.

Appellant testified that he bought his pickup from his stepfather in New Mexico a few days before Officer Wilkins stopped him. He admitted that he had a marihuana cigarette, but he testified that the marihuana above the visor was not his. Appellant also testified that the pipe was his but that he had never used it. He also

denied that the plastic bag and the red straws that contained the methamphetamine were his. He explained to the jury that the drugs must have been left in his pickup by his friend when he allowed his friend to borrow the pickup, that somehow the drugs got in his pickup when he installed seats from an old pickup, or that someone put the drugs in the pickup prior to him purchasing the pickup from his stepfather. Appellant also explained that Officer Wilkins asked him if there was methamphetamine in the straw and that Appellant just assumed that there was because Officer Wilkins asked him about it being methamphetamine. Appellant admitted to smoking a little methamphetamine before he got in the pickup to drive from New Mexico to Austin, Texas, in order to help him make the drive. He testified that he smoked with friends at their house; that the methamphetamine belonged to his friends; and that, to his knowledge, none of that methamphetamine made its way into his pickup.

In considering the factors listed above, we find that the evidence shows that Appellant was present when the search was executed, that he was in close proximity to and had access to the methamphetamine, that he admitted to recently smoking methamphetamine, that he possessed marihuana and a pipe when he was arrested, that he admitted that the marihuana was his and that there was probably methamphetamine in one of the red straws, that there was an odor of contraband to alert the canine to the substance, that Appellant owned the pickup in which the drugs were found, and that the place in which the drugs were found was enclosed. Although Appellant testified that the methamphetamine was not his and that his friend or someone else must have left the drugs in his pickup, there was sufficient evidence to link Appellant to the contraband. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony

of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). In addition, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally or knowingly possessed methamphetamine in an amount of less than one gram. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 7, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5