**Opinion filed September 11, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00093-CR

_____

## KEITH DEAN VEALE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 22813**

## M E M O R A N D U M   O P I N I O N

The jury convicted Keith Dean Veale of theft of aluminum, copper, or brass in an amount less than $20,000 and assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F) (West Supp. 2013). The trial court sentenced him accordingly. On appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The grand jury indicted Appellant for unlawfully appropriating, by acquiring or otherwise exercising control over, copper, brass, and aluminum salvage metal valued at less than $20,000 from Tim Huckaby of the City of Ranger. Appellant specifically contends that there was no evidence that the scrap metal found on Appellant's trailer were taken from property owned by the city.

Officer Gerrell Andreas Crawford of the Ranger Police Department testified that he received a phone call from his police chief in which the chief notified him that there was a white pickup pulling a trailer on Garrett Street and that the trailer was loaded with property that belonged to the city. Later, Officer Crawford saw a white pickup pulling a trailer. Officer Crawford stopped the pickup, and Appellant got out of the pickup. Officer Crawford asked Appellant where he got the property that was on his trailer, and Appellant told him that he got it from two houses on Garrett Street. Appellant said that he had obtained permission to take the property from a man named "Tommy" and that he was going to sell it at the scrap yard. The property on Appellant's trailer was salvage metal and included brass, copper, and aluminum.

During the traffic stop, Sergeant Tim Fanning, who was accompanying Officer Crawford, called Tim Huckaby to come to the scene and verify whether the

2

property belonged to the city. Huckaby was the Public Works Supervisor of Ranger. Officer Crawford confirmed that the two houses that Appellant took the property from belonged to the city and that no one from the city had given Appellant permission to remove the salvage metal. However, Officer Crawford testified that he did not actually see Appellant leave the two houses.

Huckaby testified that he received a phone call from one of his employees who told him that someone was taking salvage metal from city property. Huckaby drove to the location and saw Appellant taking salvage metal from the two residences on Garrett Street. He then reported the incident to the chief of police. After the police officers stopped Appellant, Huckaby went to the place where the officers had stopped Appellant, and there—loaded on the trailer—he saw some of the scrap metal from the two houses. Huckaby confirmed that the two houses were owned by the city. He testified that Appellant did not have permission from the city to remove the scrap metal from either of the two houses.

On cross-examination, Huckaby explained that, for a couple of days, he had seen someone taking scrap metal from the two properties and that he saw Appellant taking the metal from the houses on the same day that he called the chief of police. Although he testified that some of the metal on Appellant's trailer came from the two houses owned by the city, he could not identify the source of the other metal. On redirect examination, Huckaby clarified that, for at least three days in a row, he had seen Appellant loading salvage metal onto his trailer from the two houses on Garrett Street.

Officer Crawford impounded the trailer, and after officers photographed the items found on the trailer, the items were sold for less than $20,000.

Although Huckaby could not identify all of the salvage metal on Appellant's trailer as property that came from the two houses owned by the City of Ranger, Officer Crawford testified that Appellant told him that the property on his trailer

3

came from the two houses.  Therefore, we hold that there was sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that Appellant unlawfully appropriated copper, brass, and aluminum salvage metal from the City of Ranger.  We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


September 11, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[1]

Bailey, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.