**Opinion filed February 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00355-CR

_____

## JOHNNY RAY DIAZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 2481**

### M E M O R A N D U M   O P I N I O N

Johnny Ray Diaz appeals his jury conviction for the offense of retaliation. *See* TEX. PENAL CODE ANN. § 36.06 (West 2011). The trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of six years. In two issues on appeal,

Appellant argues that the evidence was legally and factually insufficient to sustain his conviction. We affirm.

*Background Facts*

The grand jury charged Appellant by indictment with retaliation and alleged that Appellant intentionally or knowingly threatened to harm Les Cogdill, who was a deputy with the Coleman County Sheriff's Office. Appellant pleaded "not guilty" to the charged offense, and the case proceeded to trial.

Deputy Cogdill testified that, on September 29, 2012, he was the primary call unit and responded to a domestic disturbance call around 1:30 a.m. Santa Anna Police Officer Maurice "Reece" Shaffer met him at the residence. Deputy Cogdill stated that he made contact with Patricia Diaz and saw that she had a knot above her left eye. Deputy Cogdill learned that Patricia's brother, Appellant, had assaulted her. Appellant had already left the scene by the time the officers arrived. After he spoke with Patricia, Deputy Cogdill notified Deputy Archie Lancaster on the radio and drove around the area looking for Appellant. Deputy Cogdill stated that he saw someone walking on the sidewalk. He then notified Officer Shaffer and Deputy Lancaster of the person's location.

Officer Shaffer stated that he got out of his vehicle and saw Appellant running toward him. He testified that he drew his Taser and ordered him to stop. Deputy Lancaster said that he detained Appellant. Deputy Cogdill testified that he started to pat down Appellant and that Appellant attempted to head-butt him twice and threatened to beat him. Appellant, for a third time, attempted to head-butt Deputy Cogdill. As the officers were placing Appellant into Officer Shaffer's patrol car, Deputy Cogdill testified that Appellant threatened to kill him. Both Officer Shaffer and Deputy Lancaster stated that Appellant threatened to kill Deputy Cogdill. Officer Shaffer testified that Appellant repeatedly threatened to kill Deputy Cogdill while Appellant was in the patrol car. Appellant was taken

into custody and subsequently indicted for retaliation against Deputy Cogdill. Deputy Cogdill testified that he had no prior encounters with Appellant and did not know him outside this one incident.

Appellant testified that he threatened to beat up Deputy Cogdill if the officers removed his handcuffs. Appellant also stated that he did not have any personal problems with Deputy Cogdill or any prior relationship with him before the evening of the incident.

Appellant was ultimately convicted of retaliation against Deputy Cogdill. After the jury reached a guilty verdict, the State and Appellant agreed to a term of six years imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

*Analysis*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Since *Brooks*, appellate courts look at factual sufficiency and legal sufficiency under the same standard of review. *Brooks*, 323 S.W.3d at 912. Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits the offense of retaliation if the person intentionally or knowingly harms or threatens to harm another in retaliation for or on account of the service or status of another as a public servant. PENAL § 36.06. Deputy Cogdill, Deputy Lancaster, and Officer Shaffer all testified that they heard

Appellant threaten to kill Deputy Cogdill; he made the threats when he was placed into the police car. Officer Shaffer stated that Appellant made repeated threats against Deputy Cogdill while he was in custody. Appellant testified that he did threaten to beat up Deputy Cogdill. Appellant and Deputy Cogdill had no relationship prior to the incident.

The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). We presume that the factfinder resolved any conflicting evidence in favor of the verdict and defer to the trial court's judgment. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of retaliation. Appellant's issues on appeal are overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

February 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.