**Opinion filed December 23, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00084-CR
_____

## JAVIOR POLK, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 213th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1116308D**

## O P I N I O N

Javior Polk waived a jury and entered a plea of not guilty to the charge of aggravated assault on a public servant with a deadly weapon. Polk entered a plea of true to one enhancement count. After a bench trial, the trial court found Polk guilty, found the enhancement paragraph to be true and assessed Polk's punishment at confinement for twenty years. We affirm.

At the time of this offense, Jeffrey Fobbs, Jr., an Arlington police officer, was working as an off-duty security guard at a Whataburger restaurant in Arlington. He testified that, at sometime around 3:20 a.m., he saw two vehicles enter the parking lot, one was a Honda and the other was a Nissan. A female passenger got out of the Honda and went into the restaurant. The

driver of the Honda got into the passenger seat of the Nissan. The driver of the Nissan then drove into the drive-through line. While Officer Fobbs was watching, he noticed that the two men in the Nissan were looking at each other and then looking down. He could see the passenger reach toward the center of the car and place something in his lap. He had seen the same things in connection with narcotics activity at this Whataburger, and he believed that a narcotics transaction was taking place in the Nissan.

As Officer Fobbs went to the passenger side of the Nissan, he heard the passenger say, "Here comes the police." Although Polk and the female passenger (who had come out of the Whataburger by this time) both testified that Officer Fobbs was wearing dark clothing with neither a badge nor insignia, the officer testified that he was wearing his City of Arlington police uniform. The night manager of the Whataburger also testified that Officer Fobbs was wearing his police uniform, badge, and sidearm. Officer Fobbs said that he opened the passenger door of the Nissan and told everyone to "Freeze, nobody move, police." When he gave that order, the passenger in the Nissan threw whatever items were in his lap onto the floor. As Officer Fobbs attempted to reach across the interior of the Nissan to take the keys out of the ignition, the driver, who Officer Fobbs identified as Polk, put the car in reverse, stepped on the gas, and quickly left the Whataburger. Polk said that he sped away because he believed that he was being "car-jacked." As Polk was driving away, Officer Fobbs was struck by the passenger door and was knocked to the ground. The officer suffered injuries that not only required medical attention but also caused him to miss work for three days.

Through the use of the license plate number from the Nissan, law enforcement personnel ultimately located Polk and arrested him.

In his first issue, Polk argues that the evidence is legally insufficient to show that Officer Fobbs was discharging an official duty at the time of the assault. In his second issue, Polk argues that the evidence is factually insufficient to show that Polk knew Officer Fobbs was a public servant.

In a legal sufficiency review, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, PD-0210-09, 2010 WL 3894613, at *5 (Tex. Crim. App. Oct. 6, 2010). In his legal sufficiency issue, Polk focuses on one element of the offense of aggravated assault on a public servant: that the assault must have been committed while the public servant was

2

lawfully discharging an official duty. Polk claims that, because Officer Fobbs was working an off-duty security job, he was not discharging an official duty at the time of the assault. We disagree.

As an officer of the City of Arlington Police Department, Fobbs was a peace officer. TEX. CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp. 2010). "[A] police officer's 'off-duty' status is not a limitation upon the discharge of police authority." *Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972). And, for many purposes, an officer is "on duty 24 hours a day." *Monroe v. State*, 465 S.W.2d 757, 759 (Tex. Crim. App. 1971).

In *Thompson*, a detective worked security in exchange for his rent at the apartment complex in which he lived. While working in that capacity, he was called to quiet some folks who were making excessive noise in one of the apartments. In the process of trying to stop the noise, the detective was assaulted, and Thompson was convicted of that assault. The Texas Court of Criminal Appeals rejected Thompson's argument that the detective was not in the lawful discharge of his duties as a peace officer. *Thompson v. State*, 426 S.W.2d 242, 243 (Tex. Crim. App. 1968).

In *Selvage*, an off-duty Harris County deputy sheriff was shot while in a jewelry store on personal business. The owner of the store was nervous about some other customers who had come into the store. The owner told the deputy that he was nervous about the other customers. The deputy removed his coat to reveal his badge and service weapon in an attempt to stop any potential wrongdoing. The Texas Court of Criminal Appeals said that, at that time, he assumed the role of a peace officer. *Selvage v. State*, 680 S.W.2d 17, 19, 21 (Tex. Crim. App. 1984).

In *Hafdahl*, an Amarillo police officer was on his way home after his shift ended. Hafdahl cut in front of the officer in a reckless manner, lost control of his vehicle, and wrecked. At the scene of the wreck, the officer told Hafdahl that he was an officer and also told him to halt. The Texas Court of Criminal Appeals held that, at that point, the officer was no longer off-duty. *Hafdahl v. State*, 805 S.W.2d 396, 401 (Tex. Crim. App. 1990).

Courts have recognized the same concept in civil matters. *See*, *e.g.*, *Brown v. Dillard's, Inc.*, 289 S.W.3d 340 343 (Tex. App.—Eastland 2009, no pet.) (when an off-duty policeman observes and responds to crime, he is then on-duty; same is true when there is reasonable suspicion to detain a person for investigation).

Here, based upon his prior experience, Officer Fobbs saw what he believed to be a drug transaction taking place. He began to investigate that potential criminal activity. When he did

so, he ceased to be off-duty and assumed the role of a peace officer. The evidence is legally sufficient to prove that, when Polk committed the assault, Officer Fobbs was a public servant lawfully discharging an official duty. Polk's first issue is overruled.

In his second issue, Polk challenges the factual sufficiency of the evidence to show that he knew that Officer Fobbs was a peace officer. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks*, 2010 WL 3894613, at *1, that there is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis*[1] factual-sufficiency standard" and that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 2010 WL 3894613, at *1, *8, *14 (footnote added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*, and also set forth in our review of Polk's first issue. We will review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found, beyond a reasonable doubt, that Polk knew Officer Fobbs was a peace officer at the time. *Jackson*, 443 U.S. 307; *Brooks*, 2010 WL 3894613, at *5.

The evidence at trial was conflicting. Officer Fobbs testified that he was wearing his City of Arlington uniform complete with badge and firearm. As he went up to Polk's vehicle, he heard the passenger say, "[H]ere comes the police." When Officer Fobbs reached Polk's vehicle, he opened the door and yelled, "Freeze, nobody move, police." Sarah Crouch, the night manager at the Whataburger, testified that on the night of the assault Officer Fobbs was working security there. He was wearing his police uniform, badge, and firearm at the time.

Polk testified that Officer Fobbs was not wearing a distinctive police uniform and did not identify himself as a police officer. He said that he thought someone was trying to steal his car.

Chelsea Antoinette Jones, an exotic dancer who was with Polk at the time of the assault, testified that Officer Fobbs was wearing a black T-shirt, black slacks, and black shoes. She did not see anyone wearing a police officer's uniform or badge at the Whataburger. Jones did not

---

[1]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

hear Officer Fobbs identify himself as a police officer. She did notice, however, that Officer Fobbs was carrying a weapon. Although she had been drinking that night, she knew what was happening. Jones also testified that she had lied to the police that night and that she recently had been released from jail on a charge of aggravated assault with a deadly weapon. Polk also talked about his criminal record: convictions for burglary, two assaults, marihuana possession, and driving while his driver's license was suspended.

As the trier of fact, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony, and it was free to believe or disbelieve all or any part of the testimony. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). We conclude that a rational jury could have determined beyond a reasonable doubt that Polk knew Officer Fobbs was a police officer at the time of the assault. We overrule Polk's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


December 23, 2010

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5