Opinion filed August 31,
2012

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00012-CR

                                                    __________

 

                    CHRISTOPHER
PAUL MOREHOUSE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 2-368-11

 



M
E M O R A N D U M    O P I N I O N

            A jury convicted Christopher Paul Morehouse of the
misdemeanor offense of intentionally and knowingly possessing knuckles, a
prohibited weapon.  See Tex.
Penal Code Ann. § 46.05(a)(6) (West Supp. 2012).  The trial court assessed
punishment at confinement in the Taylor County Jail for a term of 250 days and
a fine of $900.  Imposition of the sentence was suspended, and Morehouse was
placed on community supervision for a period of twenty-four months.  We affirm.

            In
his sole point of error on appeal, Morehouse argues that the evidence was
legally insufficient to support the verdict of the jury.  We review the
sufficiency of the evidence under the standard of review set forth in Jackson
v. Virginia, 443 U.S. 307 (1979).  Brooks v. State, 323 S.W.3d 893,
912 (Tex. Crim. App. 2010); Polk v. State, 337 S.W.3d 286, 288–89 (Tex.
App.—Eastland 2010, pet. ref’d).  Under the Jackson standard, we examine
all of the evidence in the light most favorable to the verdict and determine
whether, based on that evidence and any reasonable inferences from it, any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Isassi v. State,
330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  

             Section
46.05(a)(6) provides that a person commits an offense if he intentionally or
knowingly possesses knuckles.  “Knuckles” are defined in Section 46.01(8) as “any
instrument that consists of finger rings or guards made of a hard substance and
that is designed, made, or adapted for the purpose of inflicting serious bodily
injury or death by striking a person with a fist enclosed in the knuckles.”  Tex. Penal Code Ann. § 46.01(8) (West Supp. 2012).  Morehouse argues that the State
offered no evidence that the instrument seized from his person was designed,
made, or adapted for the purpose of inflicting serious bodily injury or death
and that the evidence offered by the State only showed that the instrument was
“capable” of causing serious bodily injury.

            While Officer Matthew Allen of the Abilene
Police Department was investigating an assault at a 7-Eleven in Taylor County,
he came in contact with Morehouse.  Morehouse was not involved in the alleged
assault, but was present at the 7-Eleven when Officer Allen arrived to
investigate.  There was an outstanding warrant for Morehouse’s arrest.  Officer
Allen called for backup, and Officer Brian Poynor responded.  Officer Allen
asked Officer Poynor to arrest Morehouse while he continued the assault
investigation.  Officer Poynor placed Morehouse under arrest and conducted a
search incident to the arrest.  He found a pouch on Morehouse’s belt that
contained what are known as “blast knuckles.”  

Officer Allen testified that “blast
knuckles” are similar to brass knuckles but are made of polymer, a hard plastic
material, and contain an electrical circuit similar to a Taser.  Blast knuckles
are weapons and are generally designed for defense.  He also testified that,
“under the statute in Chapter 46 of our Penal Code, [the blast knuckles] did
meet the elements for knuckles.”  In his opinion, the blast knuckles are
capable of causing serious bodily injury because they are made of a hard
plastic and because, when one person hits another person with them, soft tissue
and organ damage can easily occur.  Although the State asked Officer Allen on
redirect whether the knuckles were designed to cause serious bodily injury, defense
counsel objected and argued that Officer Allen had not been qualified as an
expert on the design of the weapon.  The trial court sustained the objection. 
The State next called Officer Poynor.  Officer Poynor testified that blast
knuckles fit over your fingers much the same as finger guards.  If a person
used enough force when striking someone with blast knuckles, it could cause
serious bodily injury.

Morehouse moved for a directed verdict of
not guilty on the ground that the State offered no evidence that the instrument
was designed, made, or adapted to inflict serious bodily injury.  The trial
court denied the motion, and Morehouse called Charles Taylor to testify in his
defense.

Taylor testified that he owned an army
surplus store and had sold blast knuckles at his store for at least ten years. 
He testified that he was familiar with the operation of blast knuckles and that
he did not believe that he was selling a device that was illegal to possess. 
Taylor further testified that he studied material pertaining to blast knuckles
to ensure that he was selling an item that was “on the up-and-up.”  He
explained that blast knuckles are made to stun an assailant so that a person
has enough time to get away from the assailant and get help.  When asked
whether the blast knuckles caused serious bodily injury when used the way they
were designed to be used, he responded that they did not.  Taylor further
testified that blast knuckles were designed to be defensive, self-protection
devices, not to be offensive, striking weapons.  The blast knuckles that were
found on Morehouse had not been adapted or modified from the original design.

During cross-examination, Taylor testified
that the blast knuckles could be used to strike someone and that there was not
anything in the design of the knuckles that prevented them from being used in
that way.  Using the knuckles to strike someone would cause serious bodily
injury; using the knuckles to shock someone would not.

Although Taylor testified that he did not
believe blast knuckles were illegal to possess and that they were not designed
to inflict serious bodily injury, Officer Allen testified that “under the
statute in Chapter 46 of our Penal Code, [the blast knuckles] did meet the
elements for knuckles.”  The jury, as the trier of fact, was the sole
judge of the credibility of the witnesses and of the weight to be given their
testimony.  Tex. Code Crim. Proc. Ann.
art. 36.13 (West 2007), art. 38.04 (West 1979).  As such, the jury was entitled
to accept or reject any or all of the testimony of any witness.  Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  In addition, the jury
was entitled to draw reasonable inferences from the evidence.  Jackson,
443 U.S. at 319.  Here, the blast knuckles were introduced into evidence.  After
observing the knuckles, the jury could have inferred that the blast knuckles
were designed, made, or adapted for the purpose of inflicting serious bodily
injury or death.

            We
have reviewed the evidence in the light most favorable to the verdict, and we
hold that a rational trier of fact could have found the elements of possession
of knuckles as a prohibited weapon beyond a reasonable doubt.  We overrule
Morehouse’s sole point of error.  

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 31, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.