**Opinion filed November 1, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00359-CR

_____

## ISIDRO ZUBIA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37251**

### M E M O R A N D U M   O P I N I O N

Isidro Zubia appeals his conviction by a jury of the offense of robbery. Upon his plea of true to an enhancement paragraph, the trial court assessed his punishment at ten years in the Texas Department of Criminal Justice, Institutional Division. In a single issue on appeal, Zubia contends that the evidence is insufficient to support his conviction. We affirm.

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); and *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App**.**—Eastland 2010, pet. ref'd).

Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Jose Armando Morales testified that, on the occasion in question, he was a manager in training at a Hollywood Video store in Midland. He identified Zubia as an individual who approached him and said, "How would you like a nine millimeter in your face?" He related that, when Zubia lifted up his sweatshirt a little bit, he saw something that could have been an object but that he could not tell exactly what it was. Morales testified that he was scared and getting a little shaky, causing him to have trouble opening the register. He related that, when he got the register open, he handed all of the bills to Zubia. He said that, after being handed the money, Zubia ran out of the store.

Jesus Robledo Jr., a Midland police officer, testified that, when he responded to the call at Hollywood Video, the clerk was very nervous and scared, shaky, and distraught. The officer indicated that Morales, the clerk, told him that a Hispanic male had come to the counter and told Morales he wanted all the money. Officer Robledo related that Morales told him that he did not understand what the man was asking him to do. Officer Robledo said Morales told him that the Hispanic male had said, "Do you want a nine millimeter in your face?" and that, when the man picked up his shirt, Morales thought he saw the butt of a gun sticking out of the man's pants.

Zubia testified on his own behalf, saying that, when he was in the video store using the restroom, he took cash he saw on the counter of the store. We hold that the evidence is sufficient to support Zubia's conviction.

Zubia suggests that the evidence is not sufficient because there is no evidence that he intentionally or knowingly threatened the clerk or placed him in fear of imminent bodily injury or death. We disagree. A rational jury could have determined that Zubia's comment to the clerk—"Do you want a nine millimeter in your face?"—followed by his lifting his shirt, constituted a threat and that his conduct threatened and placed the clerk in fear of imminent bodily injury or death. Zubia suggests that his comment did not constitute a threat to shoot the clerk, only to put the weapon in his face. Because the jury could reasonably have thought otherwise, we overrule Zubia's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

November 1, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.