Opinion filed November 1,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00359-CR

                                                    __________

 

                                        ISIDRO
ZUBIA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37251

 



 

M E M O R A N D U M   O P I N I O N

Isidro
Zubia appeals his conviction by a jury of the offense of robbery.  Upon his
plea of true to an enhancement paragraph, the trial court assessed his
punishment at ten years in the Texas Department of Criminal Justice,
Institutional Division.  In a single issue on appeal, Zubia contends that the
evidence is insufficient to support his conviction.  We affirm. 

            We review a sufficiency of the evidence issue under
the standard of review set forth in Jackson v. Virginia, 443
U.S. 307 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App.
2010); and Polk v. State, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010,
pet. ref’d).  Under the Jackson standard, we examine all
the evidence in the light most favorable to the verdict and determine whether,
based on that evidence and any reasonable inferences from it, any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson,
443 U.S. at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App.
2010).

            Jose
Armando Morales testified that, on the occasion in question, he was a manager
in training at a Hollywood Video store in Midland.  He identified Zubia as an
individual who approached him and said, “How would you like a nine millimeter
in your face?”  He related that, when Zubia lifted up his sweatshirt a little
bit, he saw something that could have been an object but that he could not tell
exactly what it was.  Morales testified that he was scared and getting a little
shaky, causing him to have trouble opening the register.  He related that, when
he got the register open, he handed all of the bills to Zubia.  He said that,
after being handed the money, Zubia ran out of the store.

Jesus
Robledo Jr., a Midland police officer, testified that, when he responded to the
call at Hollywood Video, the clerk was very nervous and scared, shaky, and
distraught.  The officer indicated that Morales, the clerk, told him that a
Hispanic male had come to the counter and told Morales he wanted all the
money.  Officer Robledo related that Morales told him that he did not
understand what the man was asking him to do.  Officer Robledo said Morales
told him that the Hispanic male had said, “Do you want a nine millimeter in
your face?” and that, when the man picked up his shirt, Morales thought he saw
the butt of a gun sticking out of the man’s pants.

Zubia
testified on his own behalf, saying that, when he was in the video store using
the restroom, he took cash he saw on the counter of the store.  We hold that
the evidence is sufficient to support Zubia’s conviction.  

Zubia
suggests that the evidence is not sufficient because there is no evidence that
he intentionally or knowingly threatened the clerk or placed him in fear of
imminent bodily injury or death.  We disagree.  A rational jury could have
determined that Zubia’s comment to the clerk—“Do you want a nine millimeter in
your face?”—followed by his lifting his shirt, constituted a threat and that
his conduct threatened and placed the clerk in fear of imminent bodily injury
or death.  Zubia suggests that his comment did not constitute a threat to shoot
the clerk, only to put the weapon in his face.  Because the jury could
reasonably have thought otherwise, we overrule Zubia’s sole issue on appeal.  




 

 

The
judgment is affirmed. 

 

                                                                                                PER
CURIAM

November 1, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]   HH

 









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.