**Opinion filed April 21, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00117-CR

_____

## JAMES RANDELL HALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18960B**

## M E M O R A N D U M   O P I N I O N

The jury convicted James Randell Hall of the offense of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2015). Appellant pleaded true to the enhancement paragraph, and the jury assessed his punishment at confinement for a term of five years. The trial court sentenced him accordingly. In two issues, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979); *Brooks*, 323 S.W.3d at 899. As such, the jury is entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). In addition, the jury is entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319.

The grand jury indicted Appellant for the offense of aggravated assault against a public servant and for the offense of evading arrest or detention. The jury found Appellant not guilty of the offense of aggravated assault against a public servant, as well as the lesser included offense of aggravated assault. As to the charge for evading arrest or detention, the indictment alleged that Appellant committed the offense by intentionally fleeing from Kirk Whitehurst, a person whom Appellant knew to be a peace officer and who was attempting to lawfully detain Appellant, and that Appellant "use[d] a vehicle while in flight." Appellant contends that the evidence was insufficient to show that Agent Whitehurst was attempting to lawfully detain him or that he knew that Agent Whitehurst was attempting to detain him. Specifically, Appellant asserts that Agent Wayne Cockerham was the officer that made contact with him and that Agent Whitehurst made contact with Appellant's

passenger. Appellant further asserts that there was no evidence to show that Appellant knew that Agent Whitehurst approached the passenger's side of his vehicle.

We have reviewed the evidence, and Appellant is correct that Agent Whitehurst did not make direct contact with him at the driver's side door. Additionally, there is no direct evidence that Appellant knew that Agent Whitehurst was talking with Appellant's passenger. However, the record shows that Agents Whitehurst and Cockerham, as partners, stopped Appellant and were attempting to detain him when Appellant fled. The record also shows that Agent Whitehurst was driving the unmarked police vehicle when the agents made the stop.

Agent Cockerham, a narcotics officer with the Taylor County Sheriff's Office, testified that he partnered with Agent Whitehurst, another officer in his division, on the date in question. Agent Whitehurst was driving and Agent Cockerham was the passenger; they were in an unmarked police vehicle. They saw Appellant driving down the street and knew that Appellant did not have a valid driver's license. Agent Cockerham was familiar with Appellant and with Appellant's vehicle; he had already warned Appellant, on more than one occasion, about driving without a license. The agents followed behind Appellant and then turned on their emergency lights to initiate a traffic stop. Agent Cockerham did not believe that they activated the siren. Appellant pulled over, and the agents got out of their vehicle. Agent Cockerham approached the driver's side door to talk to Appellant, and Agent Whitehurst approached the front passenger's door to talk to Randy Ordway, the passenger in Appellant's vehicle.

Agent Cockerham testified that his badge was on a lanyard around his neck and that he displayed it to Appellant; he and Appellant also knew each other from previous encounters. Agent Cockerham told Appellant that he could not drive without a license and that they had warned him of this several times. Appellant

3

asked Agent Cockerham to "give [him] a break," and Agent Cockerham responded, "[N]ot today . . . . You're going to jail." Appellant said, "I gotta go," and sped away.

Agent Whitehurst testified that he and Agent Cockerham were patrolling the area in an unmarked police car when they saw Appellant driving down the street. The two were familiar with Appellant and knew that he had a suspended driver's license. Agent Whitehurst testified that he was driving and that he activated the emergency lights and the siren. After Appellant pulled over, Agent Whitehurst approached the passenger's side of Appellant's vehicle and spoke with Ordway, Appellant's passenger. Agent Whitehurst heard Appellant tell Agent Cockerham, "I gotta go," and then Appellant "gassed it" and "took off."

The record shows that Agents Cockerham and Whitehurst got back in their vehicle and, with the lights and sirens on, again pursued Appellant. Other agents also assisted in the pursuit, and within a minute, Appellant was again detained.

Ordway, on behalf of the defense, testified that he was riding with Appellant on the date in question. He explained that they stopped at a girl's house and that two people ran up to their vehicle. One person ran up the driver's side, and one person ran up to the passenger's side. Ordway did not hear any police sirens or see any lights; he did not know that the police were behind them or that they were being stopped. He testified that the person who ran up to the passenger's side had a badge around his neck but that "anybody can wear a badge." The individual did not speak to Ordway. The person who ran up to the driver's side claimed to be an officer. Ordway testified that Appellant thought that "somebody was after him or something, and he just took off."

On cross-examination, Ordway testified that, at the time, he believed that the man who approached him was probably law enforcement. He also stated, "Well, somebody run up on us. We had to be pulled over." He further testified that, in his

4

opinion, Appellant was not trying to scare the officers but that, instead, Appellant was just trying to get away from them to avoid getting a DWI.

Appellant's sufficiency challenge is centered on the argument that it was Agent Cockerham who attempted to detain him, not Agent Whitehurst. Although Agent Cockerham was the agent who approached the driver's side of Appellant's vehicle and who specifically told Appellant that he was going to jail for driving without a license, Agent Whitehurst was driving when the officers initiated the stop of Appellant. Both agents testified that they were familiar with Appellant and knew that he was driving without a license. Driving without a valid license is a misdemeanor offense in Texas. TEX. TRANSP. CODE ANN. §§ 521.025, 521.457, 521.461 (West 2013). Under the facts of this case, either agent was authorized to arrest Appellant for committing the traffic offense in the agent's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2015) (authorizing warrantless arrest of offender when offender commits any offense in peace officer's presence or view).

Ordway's initial testimony was that, because the agents did not use lights or sirens, Ordway and Appellant did not know that they were being pulled over. However, Ordway's testimony on cross-examination and the testimony of several agents contradicted that assertion. Agent Cockerham testified that they activated the emergency lights in order to initiate a traffic stop of Appellant. Agent Whitehurst testified that he activated the emergency lights and the siren. Sergeant Shay Bailey, one of the agents who assisted in the pursuit, also testified that the lights were activated on Agent Whitehurst's vehicle when Appellant was initially detained. On cross-examination, Ordway testified that they "had to be pulled over" and that Appellant was trying to avoid a DWI. Therefore, a rational trier of fact could have found that Appellant knew that Agent Whitehurst was attempting to lawfully detain him when he initially signaled Appellant to pull over. In addition, Agent Cockerham testified that they had warned Appellant about driving without a license and that

5

Appellant asked the agent to give him a break. Thus, the jury could have also inferred that Appellant knew that he was committing an arrestable offense when Agent Whitehurst, as the driver, and Agent Cockerham, as the passenger, attempted to detain him. The jury could have further found that Appellant intentionally fled from Agent Whitehurst and that Appellant knew that Agent Whitehurst was pursuing him and attempting to arrest him after he told Agent Cockerham, "I gotta go," and sped away from the initial traffic stop. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of evading arrest or detention with a vehicle by intentionally fleeing from Agent Whitehurst. Appellant's first and second issues are overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


April 21, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.