**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00137-CR

_____

## DELANE EUGENE BRANCH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR42481**

## O P I N I O N

The jury convicted Delane Eugene Branch of aggravated promotion of prostitution. The trial court assessed punishment at confinement for five years and sentenced him accordingly. On appeal, Appellant asserts in one issue that the State failed to adduce sufficient evidence to prove beyond a reasonable doubt that he had committed the offense of aggravated promotion of prostitution. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for aggravated promotion of prostitution and alleged that Appellant knowingly or intentionally supervised or managed two prostitutes in a prostitution enterprise. *See* TEX. PENAL CODE ANN. § 43.04 (West Supp. 2015). Appellant pleaded not guilty and proceeded to trial.

## II. *The Evidence at Trial*

As part of a police "sting" operation, Trent Sellers, a detective with the Midland Police Department, contacted two women who had advertised services on backpage.com.[1] Detective Sellers arranged for two women to meet him at a motel in Midland to exchange money for sex. Appellant drove the women to the motel in his dark-colored Cadillac. Appellant and both of the women got out of the car and "met briefly" before the women went into the motel room that Detective Sellers had provided for them. Detective Sellers identified the two women in the motel room as the same women that he had contacted. He identified them by their voices and their cell phone numbers that he had called.

Police arrested both women at the motel and charged them with prostitution. Both women possessed condoms and business cards, and one had a container of lubricating jelly. Appellant was also arrested, and he and the two women were placed into a police car. Law enforcement completed an inventory of Appellant's car and found boxes of condoms inside the car.

After Appellant and the two women were placed into a police car, they talked to each other. Recording equipment in the police car recorded their conversations. Appellant first told the women: "Don't say nothing. I'm fit'in to get a lawyer. . . . I fit . . . we fit'in to get the f--k out," and "it [this crime] ain't nothin' but a

---

[1]The State introduced into evidence State's Exhibit No. 3, parts 1 and 2, which consisted of two separate recordings of phone calls from Detective Sellers to the two women. The State played the two recordings for the jury. The separate conversations with both prostitutes included an agreement to come to a motel in Midland, an agreed-upon charge of "$350 for an hour," and an agreement that they did not "do a--l."

misdemeanor."  After they discussed what had happened inside the motel room, Appellant again instructed them: "Don't say s--t."  Minutes later, Appellant instructed them on what his plan was going to be: "I'm going to get y'all out first. . . . And then you gonna have to go get the car."  "Then you gonna have to go tell Angie . . . go tell Angie where I'm at, and she come get me out."  At the end of the recording, Appellant cautioned one of the women: "Don't trip," when she became noticeably animated during her explanation for going to the motel room.

At trial, Detective Sellers and Detective Robby Mobley, another detective with the Midland Police Department who was involved in the operation, discussed the role of a male escorting a female prostitute.  Detective Mobley explained to the jury that female prostitutes want to have a male escort to protect them from a customer's abuse or theft.  Detective Sellers also explained that male escorts provided protection and took a cut of the money.

III.  *Standard of Review*

The standard of review for sufficiency of the evidence is whether any rational trier of fact could have found Appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  We must review all of the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found, beyond a reasonable doubt, each element of the offense. *Jackson*, 443 U.S. at 319.

The trier of fact is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).  Any conflicting inferences that are raised by the evidence are presumed to have been resolved in favor of the verdict. *See Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894;

*Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)).

IV. *Analysis*

The grand jury alleged that Appellant, as a part of a prostitution enterprise, knowingly supervised and managed two prostitutes, Rachel Guillory and Deneshia Amie, who knowingly engaged in sexual conduct for a fee. *See* PENAL § 43.04(a). The jury charge defined "prostitution enterprise" as "a plan or design for a venture or undertaking in which two or more persons offer to, agree to, or engage in sexual conduct in return for a fee payable to them." A person commits aggravated promotion of prostitution if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes. PENAL § 43.04(a).

Appellant does not specifically challenge the State's proof that the women were engaged in prostitution. However, the State presented evidence that the women went to the specific motel room that was reflected in a text message to them from Detective Sellers. Detective Sellers identified them as the women that he had arranged to pay money to in return for sex. The State introduced into evidence and played the recordings of the phone calls that Detective Sellers made to the women. The women, while on the phone, said that they would provide "out calls," that it would cost "$350 for an hour," and that they did not "do a--l." The detectives found condoms and lubricating jelly in the women's possession. The evidence was sufficient for a rational juror to conclude that the two women were prostitutes. *See Henson v. State*, No. 05-97-01894-CR, 2000 WL 1123509, at *4 (Tex. App.—Dallas Aug. 9, 2000, pet. ref'd) (not designated for publication).

Appellant contends that the State failed to prove beyond a reasonable doubt that he "supervised and managed a prostitution enterprise." He argues that the presence of condoms in the backseat of his Cadillac is a mere scintilla of evidence

and is not enough for a rational trier of fact to conclude, beyond a reasonable doubt, that Appellant engaged in aggravated promotion of prostitution. He claims that he was merely present at the location where the police arrested the two women, and he also argues that the jury engaged in pure speculation when it found him guilty.

Detective Sellers and Detective Mobley testified that female prostitutes, in exchange for a benefit or fee, bring male escorts as a means of protection from theft or abuse by a customer. The detectives also explained how Appellant's presence at the motel was a part of a prostitution enterprise. Appellant drove the women, who were prostitutes, to a motel in Midland. Appellant and the two women got out of his car and talked before the women went to the motel room that Detective Sellers had provided. Appellant waited for them in the car, and he had boxes of condoms in the backseat. After the police arrested Appellant and the two women and placed them in the police car, Appellant told the women not to talk. Appellant also told them that he would hire a lawyer and get them all out of jail but that he would get the women out first. Appellant also noted that the crime was merely a misdemeanor and gave the women instructions about what to do when they got out of jail.

After a review of the record, we hold that a rational jury could have concluded beyond a reasonable doubt that the two women were prostitutes, that Appellant knowingly managed or supervised the two prostitutes in a prostitution enterprise, and that, as a result, he had committed the offense of aggravated promotion of prostitution. Therefore, under the standard of review that we have set out, we hold that the evidence is sufficient to support the jury's verdict. We overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 30, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.