**Opinion filed July 20, 2017**



In The

# Eleventh Court of Appeals

——————

## No. 11- 15-00168-CR

——————

## JUAN CASTILLO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 14-4490**

---

### M E M O R A N D U M  O P I N I O N

The jury convicted Juan Castillo of two counts of capital murder. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2016). Punishment at confinement for life without parole was automatic. *Id.* § 12.31. Appellant presents one issue on appeal. We affirm.

Appellant challenges the sufficiency of the evidence to support his convictions. Appellant specifically argues that—in the absence of DNA evidence,

blood evidence, or fingerprint evidence, and without the murder weapon—there was not enough evidence to support his conviction.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

On May 10, 2012, April Melton went to visit her friend John Allen, one of the victims. When April arrived at Allen's house, she noticed that the front door was open—that was out of character for Allen because he was highly paranoid. When she walked into the house, she saw Jay Doyal, another victim, on the floor; he had gunshot wounds to his body.

Melton immediately left Allen's house and drove down the block and told Todd Lee, a lieutenant with the Gaines County Sheriff's Office, what she had found at Allen's house. Lieutenant Lee and other officers went to Allen's house; they found both Doyal's and Allen's bodies. Lieutenant Lee secured the residence and waited for the Texas Rangers to arrive.

During the course of the investigation, officers discovered that Trent Ashlock, at some time, had stolen some diamond rings and had given them to Roland Cantu. Ashlock gave the rings to Cantu for a promise of methamphetamine. Cantu gave the rings to Allen so that he could sell them, but Cantu was incarcerated before Allen could pay him for the diamonds. Allen took the rings to New York and sold them in the Diamond District for around $73,000. Allen found a listing for a 2004 Maserati on Craigslist and bought it. He bought the Maserati so that he could transport the cash home without having to deal with airport security.

Daniel Sosa, one of Appellant's coconspirators, told Appellant that Allen was in possession of a large quantity of cash from the sale of some valuable diamonds. After learning of the money and valuables in Allen's house, Appellant, Sosa, Bobby Ruiz, and Desirae Mata planned to burglarize Allen's home.

Allen knew Mata; Mata had lived with him previously. The plan was for Mata to knock on the door and gain access. After Mata had gained access, Appellant, Sosa, and Ruiz were to run in the door. After they entered and Sosa "pistol-shipped" Allen, Ruiz shot Doyal in the chest. Appellant said that Doyal died immediately.

After Ruiz shot Doyal in the chest, Allen ran down the hallway, and Sosa chased him down and shot at Allen twice. As Allen lay on the floor, Sosa hit him several times in the head and chest area with the butt of a shotgun. Sosa then demanded that Allen open his safe. When Allen refused to open the safe, Sosa shot him. Sosa shot Allen three times; two of the gunshots were lethal. When Appellant, Sosa, Ruiz, and Mata left, they took the DVR video surveillance recording system that Allen had set up in his house and burned it at a cemetery.

To prove that Appellant committed capital murder as charged in this case, the State was required to prove that Appellant was criminally responsible for the intentional deaths of Allen and Doyal while in the course of committing or

attempting to commit burglary. *See* PENAL § 19.03(a)(2). A person is criminally responsible for the crimes of his coconspirators:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

PENAL § 7.02(b) (West 2011).

Appellant argues that there was no DNA testimony, no blood evidence, nor any fingerprints to tie him to the murders and that, therefore, there was insufficient evidence to support his convictions. We disagree. Appellant's participation in the robbery "may be shown by events occurring before, during, and after the commission of the offense, and may be demonstrated by actions showing an understanding and common design to do the prohibited act." *Salinas v. State*, 163 S.W.3d 734, 739-– (Tex. Crim. App. 2005); *see Ervin v. State*, 333 S.W.3d 187, 201–02 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Dropping off coconspirators prior to a robbery where a murder occurred was sufficient to prove capital murder.).

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Furthermore, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. There was evidence that Appellant planned to commit burglary and that Appellant entered the house with the others to take Allen's possessions by force. This evidence was sufficient to reasonably demonstrate that Appellant was an active participant in the

burglary that led to the deaths of Allen and Doyal. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant was criminally responsible for the intentional deaths of Allen and Doyal during the commission of a burglary. We overrule Appellant's sole issue on appeal.

We affirm the judgments of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.