**Opinion filed September 13, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00274-CR
_____

## TRAY DON GOSWICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10396**

---

## O P I N I O N

This appeal involves an interpretation of the evidentiary requirements set out in Article 38.18 of the Texas Code of Criminal Procedure for a conviction for perjury or aggravated perjury. *See* TEX. CODE CRIM. PROC. ANN. art. 38.18 (West 2005). The jury convicted Tray Don Goswick of aggravated perjury and assessed his punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered that this sentence run

consecutively with Appellant's previously imposed sentence in trial court cause number 10366 for possession of a controlled substance. The trial court further ordered Appellant to pay attorney's fees in the amount of $2,500. In two issues on appeal, Appellant contends that (1) there is insufficient evidence under Article 38.18 to support his conviction and (2) the trial court erred in assessing attorney's fees. We reverse and render.

*Background Facts*

On October 21, 2015, law enforcement arrested Appellant and discovered that he was carrying methamphetamine in his pocket. The trial for the possession offense occurred on May 17, 2016. Appellant testified during the guilt/innocence phase that, on the date of his arrest, he believed that he was carrying bath salts rather than methamphetamine. The jury subsequently found Appellant guilty of possession of a controlled substance.

Following the conviction for possession of a controlled substance, Appellant was indicted for aggravated perjury. The indictment alleged:

> [O]n or about the 17th day of May, 2016, . . . [Appellant] did then and there, with intent to deceive and with knowledge of the statement's meaning, make a false statement under oath, namely, that at the time of his arrest on October 21, 2015, he believed the substance he possessed was bath salts and not methamphetamine, . . . such statement being false in that at the time of his arrest on October 21, 2015, [Appellant] had knowledge that the substance he possessed was methamphetamine . . . .

At the trial on the aggravated perjury charge, the State called two witnesses: Investigator John McDaniel and Deputy Maggie Souder. Investigator McDaniel testified that he was present during Appellant's trial for possession of a controlled substance. He read for the jury Appellant's testimony from that trial. He further testified that Appellant's testimony was contradicted by the testimony of Deputy Souder.

2

Deputy Souder testified that on April 26, 2016, she arrested Appellant on several outstanding warrants. At that time, Appellant told Deputy Souder that he had a pending case for possession of methamphetamine. According to Deputy Souder, Appellant complained that "[he] had 'X' amount of meth . . . [but] only got charged with this." She testified that Appellant "want[ed] to know where the rest of [his] dope [was]." Deputy Souder also testified that Appellant never mentioned at the time of his April 2016 arrest that he believed he was in possession of bath salts when he was arrested in October 2015.

*Analysis*

In his first issue, Appellant contends that the evidence was insufficient to support his conviction. Specifically, Appellant contends that the State failed to present evidence of the falsity of his statement by more than one witness, as required by Article 38.18(a). In response, the State contends that it was not required to present more than one witness pursuant to Article 38.18(b) to testify about the falsity of Appellant's statement because it presented evidence that Appellant gave inconsistent statements.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Article 38.18(a) provides that "[n]o person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant." CRIM. PROC. art. 38.18(a). However,

Article 38.18(b) provides that "[p]aragraph (a) of this article does not apply to prosecutions for perjury or aggravated perjury involving inconsistent statements." *Id.* art. 38.18(b). We have found no case law directly interpreting Article 38.18(b). Nevertheless, the State contends that the plain language of Article 38.18(b) indicates that, since Appellant gave inconsistent statements, one on April 26 to Deputy Souder and one on May 17 at his trial, the State was not required to present two witnesses of his statement's falsity. As set forth below, we disagree with the State's interpretation of Article 38.18 in light of the provisions of the Texas Penal Code pertaining to the offenses of perjury and aggravated perjury.

A person commits perjury if, with the intent to deceive and with knowledge of the statement's meaning, he makes a false statement under oath. TEX. PENAL CODE ANN. § 37.02 (West 2016). A person commits aggravated perjury if the false statement is made in connection with an official proceeding and is material. *Id.* § 37.03. Section 37.06 of the Texas Penal Code is entitled "Inconsistent Statements." *Id.* § 37.06. It provides that "[a]n information or indictment for perjury under Section 37.02 or aggravated perjury under Section 37.03 that alleges that the declarant has made statements under oath, both of which cannot be true, need not allege which statement is false. At trial, the prosecution need not prove which statement is false." *Id.* Thus, if the indictment alleges that the defendant made inconsistent statements under oath, then the State is relieved of its burden of proving that the statement was false. *See Deckard v. State*, 953 S.W.2d 541, 544 (Tex. App.—Waco 1997, pet. ref'd); *see also* 6 Michael B. Charlton, *Texas Practice Series: Texas Criminal Law* § 21.4 (2017) ("[U]nder Section 37.06, perjury can be proven by the mere existence of conflicting statements.").

In *Deckard*, the defendant testified under oath that his cellmate had made plans to escape from jail. 953 S.W.2d at 542. After the statute of limitations for aggravated perjury had expired, the defendant recanted this testimony. *Id.* at 542–

4

At a hearing on his cellmate's petition for writ of habeas corpus, the defendant testified that he had lied when he gave his previous testimony and that his cellmate never told him of any plans to escape from jail. *Id.* The defendant was subsequently charged with aggravated perjury based on his testimony at the habeas hearing. *Id.* at 543. Before analyzing the sufficiency of the evidence under Article 38.18(a), the *Deckard* court made the following comment:

> Deckard argues that, although the record reflects he made two contradictory statements under oath, this alone is insufficient to support his conviction for perjury. We agree with Deckard on this point. In this case Deckard *was not charged using § 37.06 of the Penal Code* which allows the State to merely allege the defendant made contradictory statements under oath and eliminates the need for the State to prove at trial which statement was false. . . . Instead the indictment affirmatively alleges that Deckard's testimony at [the] habeas corpus hearing was false, and the State had the burden to prove this falsity beyond a reasonable doubt at trial.

*Id.* at 544 (emphasis added) (citations omitted). Reading Article 38.18 of the Code of Criminal Procedure; Sections 37.02, 37.03, and 37.06 of the Penal Code; and *Deckard* together, we conclude that, in order for the State to rely on Article 38.18(b), the charging instrument must allege that the declarant made inconsistent statements under oath, both of which cannot be true. *See* PENAL § 37.06.

Sections 37.02 and 37.03 of the Penal Code set out the elements of perjury and aggravated perjury. *See id.* §§ 37.02, .03. One of these elements is that the declarant made a false statement. *See id.* § 37.02(a)(1). Article 38.18(a) sets out the evidence required to prove this falsity. *See* CRIM. PROC. art. 38.18(a); *Deckard*, 953 S.W.2d at 544. Alternatively, the State may allege in the information or indictment that the declarant "made statements under oath, both of which cannot be true." PENAL § 37.06. In this situation, "the prosecution need not prove which statement is false." *Id.* Thus, an indictment under Section 37.06 removes an element of perjury or aggravated perjury (the statement's falsity) that the State must otherwise prove.

5

*See Deckard*, 953 S.W.2d at 544. Relieved of its burden to prove the statement's falsity, the State is no longer bound by the requirement that it produce more than one witness other than the defendant. *See* CRIM. PROC. art 38.18(b).

Here, the State contends that "Appellant was convicted under 38.18(b) (inconsistent statements)." The indictment, however, alleged that Appellant "[made] a false statement under oath" and that "such statement [was] false." The indictment did not allege that Appellant made inconsistent statements under oath. In fact, Appellant's statements to Deputy Souder were not made under oath. Therefore, the State was not relieved of its burden under Article 38.18(a) to prove the element of falsity by producing more than one witness. *See Deckard*, 953 S.W.2d at 544.

Although the State produced two witnesses at trial, only one of those witnesses, Deputy Souder, provided testimony that Appellant's testimony on May 17 was false. Therefore, the evidence is insufficient to support Appellant's conviction for aggravated perjury. *See* CRIM. PROC. art. 38.17 ("In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction."); *see also Dodson v. State*, 268 S.W.3d 674, 677 (Tex. App.—Fort Worth 2008, pet. ref'd). We sustain Appellant's first issue.

In light of our disposition of Appellant's first issue, we do not reach Appellant's second issue challenging the assessment of attorney's fees.

6

*This Court's Ruling*

We reverse the judgment of the trial court and render a judgment of acquittal.


JOHN M. BAILEY

JUSTICE


September 13, 2018

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.