**Opinion filed February 9, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00110-CR

_____

## KENNETH GREGORY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-19-1278-CR**

## M E M O R A N D U M   O P I N I O N

Kenneth Gregory, Appellant, was indicted for twenty-five counts of possession of child pornography, each charged as a third-degree felony. *See* TEX. PENAL CODE ANN. § 43.26(a), (d) (West 2016). Appellant insisted on representing himself pro se at trial despite the trial court's direct advice against same, but the trial court appointed standby counsel to assist Appellant. The jury found Appellant guilty of all twenty-five counts and assessed punishment at seven years' confinement in

the Correctional Institutions Division of the Texas Department of Criminal Justice and a fine of $5,000 for each of the twenty-five counts. The trial court sentenced Appellant accordingly and ordered that the sentences shall run consecutively. On appeal, Appellant challenges counts three and six, claiming the evidence at trial was insufficient to support his conviction as to those two counts. We affirm.

*Factual and Procedural History*

In February 2019, Special Agent Michelle Wilson of the Texas Department of Public Safety Criminal Investigations Division received a tip from the National Center for Missing and Exploited Children (NCMEC) of suspected child pornography being uploaded into an online Dropbox account. Special Agent Wilson determined that the suspected content included images and videos that were child pornography. The Dropbox account was associated with a specific e-mail address, and Special Agent Wilson traced that e-mail account to Appellant. Following visual surveillance of Appellant's address, Special Agent Wilson obtained a search warrant for any devices at Appellant's residence that could have been used to upload child pornography to the Dropbox account.

Appellant's residence was searched on April 3, 2019. Two cell phones (an LG phone and a Motorola phone) and one laptop computer were confiscated. Appellant voluntarily accompanied Special Agent Wilson to her office for an interview following the search of his home. During the interview, Appellant initially told Special Agent Wilson that he was unaware of any child pornography and that he must have received it in a batch of bicycle pictures.

Roy Basham, a special interviewer with the Texas Department of Public Safety Criminal Investigations Division, also interviewed Appellant. During this interview, Appellant told Special Agent Basham that he was interested in collecting pictures of bicycles and that when people sent him those pictures, they also sent him images and videos of child pornography containing images of children between two

2

and six years old. Special Agent Basham also testified that Appellant even described some of the images, admitted that he had not deleted the images and videos, and confessed that he liked teenage girls. Appellant additionally admitted to being curious about child pornography and said that he had actively sought out approximately sixty percent of the images and videos in his possession and that forty percent were sent to him by accident. Appellant claimed that he was storing the images of child pornography in order to turn them in to the police but admitted to Special Agent Basham that he never actually made an attempt to turn the files over to police.

Special Agent Ronald A. Gumm, Jr. was the agent in charge of forensically examining the devices found at Appellant's home. Special Agent Gumm located 15 images of child pornography on the LG cell phone that was confiscated. On the Motorola cell phone, Special Agent Gumm located 1,038 images of child pornography and 4 videos depicting child pornography, in addition to applications designed to hide or secure images and web browsers designed to encrypt data. On the laptop, Special Agent Gumm located 1,367 images of child pornography, 14 videos depicting child pornography, and 33 pro-child pornography memes. Both the Motorola cell phone and the laptop computer had the images somewhat "organized" into folders that had been created by the user of the devices. The laptop computer was named "Kenneth," and a username that had been used to log into the computer 419 times was "Kenneth Gregory."

Following the interviews, Special Agent Wilson obtained an arrest warrant for Appellant. Appellant was charged with and convicted of twenty-five counts of possession of child pornography based on images taken from all three confiscated devices.

*Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth *in Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288−89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Brooks*, 323 S.W.3d at 895; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight that their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential to the factfinder's resolution of conflicts in the testimony, the weight afforded the evidence, and reasonable inferences drawn from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clement v. State*, 248 S.W.3d 791, 796 (Tex. App.—Fort Worth 2008, no pet.). Accordingly, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that

determination. *Jackson*, 443 U.S. at 326; *Merritt* v. State, 368 S.W.3d 516, 525−26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

*Analysis*

Appellant raises two issues on appeal, each with regard to separate counts in the indictment that are substantively the same: a challenge to the sufficiency of the evidence. Appellant's first issue alleges that the evidence in Count Three of the indictment is insufficient to sustain his conviction for possession of child pornography. Appellant's second issue makes the same allegation, but as to Count Six of the indictment. In each issue, Appellant contends that the State did not prove beyond a reasonable doubt that the image at issue was that of a child. We address the issues together.

A person commits the offense of possession or promotion of child pornography if

(1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8); and

(2) the person knows that the material depicts the child as described by Subdivision (1).

PENAL § 43.26(a). "Visual material" includes both photographs and videotape or film that may be displayed on a computer or other video screen. *Id.* § 43.26(b)(3). "Sexual conduct" means "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25(a)(2); *see id.* § 43.26(b)(2).

5

The determination of the age of a child in a possession-of-child-pornography case is an issue for the factfinder's determination. *Gerron v. State*, 524 S.W.3d 308, 318 (Tex. App.—Waco 2016, pet. ref'd) (citing *Carter v. State*, No. 05-05-01424-CR, 2006 WL 3628889, at *5–6 (Tex. App.—Dallas Dec. 14, 2006, pet. ref'd) (mem. op., not designated for publication); PENAL § 43.25(g)). Section 43.25 of the Texas Penal Code provides five methods by which the court or jury may make an age determination:

> (1) personal inspection of the child;
>
> (2) inspection of the photograph or motion picture that shows the child engaging in the sexual performance;
>
> (3) oral testimony by a witness to the sexual performance as to the age of the child based on the child's appearance at the time;
>
> (4) expert medical testimony based on the appearance of the child engaging in the sexual performance; *or*
>
> (5) any other method authorized by law or by the rules of evidence at common law.

PENAL § 43.25(g) (emphasis added). "The factfinder may also use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Gerron*, 524 S.W.3d at 318 (citing *Carter*, 2006 WL 3628889, at *5).

Appellant argues that the evidence is insufficient to prove that two images, the images which are the basis for Counts Three and Six of the indictment, depict "child" pornography. Appellant claims that although the images clearly depict sexual conduct, there is insufficient evidence to determine the age of the persons in the images because no expert testified as to the age of the individuals in the photographs. We first note that expert testimony is not required to determine a

6

child's age in a prosecution for possession of child pornography. *Id.* (citing PENAL § 43.25(g)).

Count Three of the indictment alleged that image 253583 "visually depicts a child younger than 18 years of age . . . engaging in sexual conduct and [Appellant] knew the material depicted a child engaging in sexual conduct." Special Agent Wilson described the image for the jury: "It depicts a prepubescent child's buttocks. They appear to be under the age of ten, the child is unclothed. The child is either being anally or vaginally raped by an adult male's penis."

Count Six of the indictment alleged that image 2508011 "visually depicts a child younger than 18 years of age . . . engaging in sexual conduct and [Appellant] knew the material depicted a child engaging in sexual conduct." At trial, Special Agent Wilson described the image as follows: "The prepubescent child's buttocks. Appears to be under the age of eight. Child[ ] [is] unclothed, being vaginally raped by an adult male penis."

Both images were admitted into evidence as part of State's Exhibit No. 23, without objection from Appellant.[1] The jury was able to view these images after hearing the descriptions from Special Agent Wilson.

Special Agent Wilson testified that when her department investigates allegations of child pornography in which there are images or videos where it is unclear if a child younger than 18 years of age is depicted, it is not categorized as child pornography. She testified that anything that was a "close call" in terms of age was not flagged as child pornography. Despite this, Special Agent Gumm testified

---

[1]Perplexingly, on appeal, both Appellant and the State cite both images at issue as being part of State's Exhibit No. 24, rather than State's Exhibit No. 23 as indicated by the trial record. Appellant and the State also incorrectly reference both image numbers for the images at issue in this appeal: referring to the image at issue in Count Three as 253853, rather than 253583 as listed in both the indictment and the trial record, and referring to the image at issue in Count Six as 25081, rather than 2508011 as listed in both the indictment and the trial record. We reviewed the images that were consistent with the indictment and the trial court record.

that there were a total of 18 videos depicting child pornography, 2,420 images of child pornography, and 33 pro-child pornography memes found on the three devices confiscated from Appellant. Viewing this evidence in the light most favorable to the verdict and assuming the jury resolved all conflicts in favor of the verdict, this testimony alone is sufficient to support the jury's conviction as to Counts Three and Six.

But these descriptions and images were not the only evidence provided to the jury. In addition to the two descriptions of the images for Counts Three and Six, Special Agent Wilson provided descriptions of images for indictment Counts One, Two, Four, Five, and Seven through Twenty-Five—each describing a child engaging in sexual conduct. The jury also heard testimony about how Appellant admitted that—at a minimum—sixty percent of the images and videos of children engaging in sexual conduct found were his and not something he "received accidentally." Special Agent Basham testified that Appellant admitted to being curious about child pornography and to being attracted to teenage girls. And finally, the jury heard from Appellant, as a witness and during his closing arguments. A large part of Appellant's argument seemed to be that age is not solely determinative of "adult" or "child" status and that even though he downloaded the images, he never admitted that he would keep them. However, his admission that he sought out and downloaded the images, along with the evidence presented by the State—that Appellant had those images on personal devices, organized into folders, with applications designed to hide or secure images and web browsers designed to encrypt data from searches—could lead the jury to disbelieve his statements.

The jury is the sole judge of the credibility of the witnesses and the weight given to the evidence. *See Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. There is no requirement in the statute that an expert witness must make a determination of age when prosecuting child pornography offenses. *See Gerron*,

8

524 S.W.3d at 318. Instead, the Penal Code provides a variety of methods by which the factfinder—whether it is the trial court or a jury—may determine the age of a child who is depicted while engaging in a sexual act. *See* PENAL § 43.25(g). The inspection of a photograph is alone sufficient for a factfinder to make an age determination. *Id.* § 43.25(g)(2). The jury was able to view the photographs at issue and made the determination that images 253583 and 2508011 were of children under the age of eighteen. The record contains more than sufficient evidence to support the jury's verdicts. We overrule Appellant's first and second issues.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


February 9, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.